UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DANIEL MICHAEL RIGGS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:24-cv-00110-RHH ) |
| AMANDA PARKER, et al., | ) ) ) |
| Defendants. | ) |

## **OPINION, MEMORANDUM AND ORDER**

Before the Court is the application of self-represented plaintiff Daniel Michael Riggs to proceed in district court without prepaying fees and costs. The Court will grant the application and assess an initial partial filing fee of $2.45. Additionally, for the following reasons, the Court will dismiss plaintiff's complaint on initial review for lack of subject matter jurisdiction, or alternatively, for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

### **Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month

period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.

Plaintiff has submitted his inmate account statement from the Missouri Department of Corrections for the time period March 16, 2024 to September 16, 2024. Based on this information, the Court determines his average monthly deposit is $12.25. The Court will charge plaintiff an initial partial filing fee of $2.45, which is twenty percent of his average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without full payment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represent litigants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## The Complaint

Plaintiff brings this personal injury action alleging defendants committed medical malpractice and negligence in responding to his medical emergency at Northeast Correctional Center (NECC). Named as defendants are NECC nurses Amanda Parker and Adam Cartright. Both are sued in their individual and official capacities.

Plaintiff states that on September 16, 2022, he sought medical treatment at NECC for an infected tattoo. Nurse Amanda Parker treated him. She consulted the

attending physician who prescribed Clindamycin, a common antibiotic used to treat infection.[1] After taking the medication, plaintiff states he became very ill, nauseous, and began vomiting. He states he was dizzy through the night and into the early morning hours of September 17, 2022.

At 6:30 a.m., he asked a correctional officer (CO) if he could get fresh air. He informed the CO that he had been up sick all night, and he believed it was caused by the medication. The CO allowed plaintiff to go to breakfast early so he could arrive early to NECC's 7:30 a.m. medical call. Plaintiff arrived at the medical unit at 7:00 a.m. and immediately began vomiting. Plaintiff told the attending nurse, Adam Cartright, that he believed he was having an allergic reaction to the Clindamycin. Plaintiff states Cartright did not take his vital signs. Nurse Parker contacted the doctor. The doctor recommended plaintiff remain on Clindamycin, but prescribed Zofran to treat the vomiting. Nurse Parker administered the Zofran, and plaintiff returned to his housing unit.

At 7:15 p.m., staff administered plaintiff's second dose of Clindamycin and Zofran. At 9:00 p.m., plaintiff felt nauseas, dizzy, and light headed. Following the instructions of NECC medical staff, he tried to eat to calm his stomach. When he returned to his cell at 9:15 p.m., he was sweating, dizzy, and needed to rest, so he

---

[1] *See* https://www.ncbi.nlm.nih.gov/books/NBK519574 (last visited Aug. 15, 2025).

sat in his chair. He states that this was the last thing he remembered until he awoke in the ICU at a hospital in Hannibal, Missouri.

Records attached to plaintiff's complaint detail what happened after plaintiff became unconscious. *See* ECF No. 1-4 at 5-8. NECC staff found plaintiff unresponsive and called a Code 16, which is used for medical emergencies. Eight officers and two nurses responded to the code. *See* ECF No. 1-4 at 4. They administered seven doses of Narcan, which is protocol at NECC if an inmate is unresponsive. Staff also performed CPR, which is protocol if an inmate does not have a pulse or is not breathing. Plaintiff was then transferred to the hospital.

At the hospital, doctors ran several tests including a toxicology screen. Plaintiff had been treated at NECC as an overdose, but staff at the hospital ruled this out after the toxicology results revealed only plaintiff's prescribed medications in his system. Plaintiff states that hospital staff determined these medications caused plaintiff to suffer cardiac arrest. *See id.*

For his injuries, plaintiff states he suffered fractured ribs, a bruised sternum, and a lacerated throat as a result of the CPR. He also states he was required to wear a "life vest" for ten months and have a loop recorder implanted to monitor his heart rhythm. For relief, he seeks unspecified monetary damages.

## Discussion

As a threshold matter, plaintiff's complaint is subject to dismissal for lack of subject matter jurisdiction. In his complaint, plaintiff explicitly casts his claims as

"medical malpractice, personal injury, [and] medical negligence." ECF No. 1 at 6. Similarly, on his civil cover sheet, he indicates that his case is one of personal injury based on medical negligence. *See* ECF No. 1-2. Although he used the Court's form "Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983" to draft his complaint, he does not cite § 1983 or any other federal statute or law giving rise to his claims.

For this Federal District Court to have jurisdiction over plaintiff's case, his complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017).

Plaintiff's allegations of personal injury, medical malpractice, and negligence arise under Missouri state law. The violation of state law does not, without more, state a claim under federal law 42 U.S.C. § 1983. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (explaining that "there is no constitutional liberty interest in having state officers follow state law"); *Ebmeier v. Stump*, 70 F.3d 1012, 1013 (8th Cir. 1995) ("We take this opportunity to emphasize that violations of state laws . . . do not by themselves state a claim under 42 U.S.C. § 1983. Section 1983 guards and vindicates federal rights alone."). For this reason, the Court does not have jurisdiction over plaintiff's claims and will dismiss them for lack of subject matter

jurisdiction.[2] Because the Court has no jurisdiction over these state law claims, it expresses no opinion as to their merits.

Construed liberally, however, plaintiff's complaint could be viewed as one for deliberate indifference to a serious medical need in violation of the Eighth Amendment. To the extent plaintiff alleges deliberate indifference, however, the Court finds his complaint fails to state a claim upon which relief may be granted.

To prevail on an Eighth Amendment claim of deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). An inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). To that end, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). As such, mere negligence or inadvertence does not rise to the level of deliberate indifference. *Id.*; *see also Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (stating that medical malpractice is not actionable under the Eighth Amendment).

---

[2] As plaintiff alleges no diversity of citizenship between himself and defendants, the Court will not address diversity jurisdiction under 28 U.S.C. §1332.

Based on the allegations in plaintiff's complaint, he has not stated a plausible claim for deliberate indifference.  On September 16, 2022, he presented at the medical unit for treatment of an infected tattoo.  Upon examination, the nurse contacted the doctor, who prescribed an antibiotic.  Plaintiff suffered a severe reaction to this medication, becoming dizzy, nauseous, and vomiting.  The following morning, NECC staff immediately recognized plaintiff's distress.  He was treated by NECC nurses, who again consulted the doctor.  The doctor prescribed another medication to control plaintiff's symptoms.  Tragically, later that evening, after receiving another dose of medication, he suffered a cardiac arrest.  When officers found plaintiff unresponsive in his cell, they called a medical emergency.  Responding officers and nurses treated plaintiff with Narcan and began CPR, before transporting him to the hospital.

At no point did any prison health care provider's actions "evidence intentional maltreatment or a refusal to provide essential care," which is required to find deliberate indifference.  *Jackson*, 756 F.3d at 1066.  While at the morning medical call, the doctor might have discontinued the Clindamycin, instead of adding Zofran, this prescribing decision does not rise to the level of deliberate indifference.  "A prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation."  *Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1118-19 (8th Cir. 2007); *see also Cejvanovic v. Ludwick*, 923 F.3d 503, 507 (8th Cir. 2019) (stating that a "mere

- 8 -

disagreement with treatment decisions . . . does not rise to the level of a constitutional violation").

Liberally construed, to the extent plaintiff alleges deliberate indifference to serious medical needs, he has not stated a plausible claim.  For this reason, on initial review, the Court will dismiss his complaint for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**.  [ECF No. 3]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $2.45 within **30 days** of the date of this order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** for lack of subject matter jurisdiction, or alternatively, for failure to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** as moot.  [ECF No. 2]

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this `18th day of August, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE